ON REHEARING
TYSON, Judge.
On January 8, 1985, this court unanimously, without opinion, affirmed this appeal from the Circuit Court of Sumter County, Alabama, 467 So.2d 970.
James Edward Crockett appeals from his convictions of speeding, driving while his license had been revoked, disorderly conduct, resisting arrest and carrying a concealed weapon. The trial judge sentenced appellant to a total of one year and eight months in the Sumter County Jail and fined appellant a total of $1500.00 plus court costs.
I
On appeal, this appellant challenges the five Solicitor’s Complaints which led to *1366 his conviction. He argues that such complaints are void because they failed to allege that the City Ordinances he violated were duly adopted and ordained by the City before the date of the offense. A review of the record on this point reveals that each Solicitor’s Complaint sets out the offense charged and sufficiently establishes an authoritative ordination for each offense against the City. Each complaint set out offense, the facts surrounding each offense, the city ordinance which was violated and the section of the Alabama Code which was violated.
During trial of this cause, the City introduced into evidence, through the City Clerk, a properly certified copy of each of the city ordinances which the appellant was accused of violating. This particular ordinance adopts by reference and incorporates the statutes of the State of Alabama as the law of the city as to these particular offenses, and anyone who violates a State law is also violating the city ordinance. The evidence was, in fact, sufficient to prove that this ordinance was validly adopted by the City of Livingston and in force before the time of the offenses in question.
The record further reveals that this issue is not properly before this court for review. The Solicitor’s Complaints were not challenged at the trial level. The appellant’s counsel filed no demurrer to these complaints, nor did he file a motion for judgment of acquittal. He did not file a motion for new trial, nor did he object to the complaints during trial.
II a
Appellant also challenges the trial judge’s refusal of eight written requested charges. A review of (1) the charges presented by the appellant, (2) the court’s oral charge to the jury, and (3) the evidence in the case, reveals that such charges were properly refused. The requested charges were either not applicable under the evidence in the case or they were substantially and fairly covered by the trial court’s oral charge to the jury. Section 12-16-13, Code of Alabama 1975.
II b
The appellant challenges the weight and sufficiency of the evidence. Although the appellant made no motion for new trial or motion for judgment of acquittal, the question is properly before the court due to the affirmative nature of the requested charges. However, a review of the evidence in this case, elicited through the testimony of three police officers, reveals that such evidence was, in fact, sufficient to sustain the appellant’s convictions.
Livingston Officer Rhoda Bibbs stopped the appellant on October 13, 1984, for speeding. She told this appellant, Crockett, the basis of her stopping him, including driving while his license was suspended. Crockett refused to accept a ticket and Officer Bibbs asked for assistance and told Crockett not to leave the scene.
Crockett got into his car and drove to his trailer home. Officer Bibbs followed and upon arrival informed Crockett that he was also charged with driving under suspension.
Auxilary Officer Ronald Brandon came to the trailer and informed Crockett that he was not leaving. Crockett argued as to his capacity, since Brandon was not in uniform, so Officer Jeffrey Manuel was called in.
Crockett refused to go with the three officers so that Brandon and Manuel had to physically subdue Crockett and, in the process, removed a concealed knife.
III
Crockett was charged with the five offenses at issue upon arrival at the Livingston City Jail.
The appellant finally argues that he was denied due process by the City’s failure to timely file notice and other documents as required by § 12-14-70(d), Code of Alabama, 1975. A review of the record reveals that the Solicitor’s Complaints were filed within the 15 day period and that appellant’s notice of appeal was filed within this period. The allegation of the appellant *1367 to the contrary is therefore completely without merit. He was, in fact, apprised of the charges against him, and the filing of these documents within the statutory 15 day period vested jurisdiction in the Circuit Court of Sumter County.
Our review of this record shows no error therein. This cause is therefore affirmed.
OPINION ISSUED, APPLICATION OVERRULED, AFFIRMED.
All the Judges concur.